JEFFREY L. BLEICH (State Bar No. 144340)
ROSEMARIE T. RING (State Bar No. 220769)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: Jeff.Bleich@mto.com
Email: Rose.Ring@mto.com

KATE K. ANDERSON (State Bar No. 212141)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: kate.anderson@mto.com

Attorneys for Defendants
MICROSOFT CORPORATION

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| RESHELLE CABLE, MATHEW CADWELL, KATIE COELHO, WILLIAM DRAPEAU, JOSHUA HARDT, CHRIS VILLANUEVA, and JOHN CAMERON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MICROSOFT CORPORATION and DOES 1 - 500,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant, Microsoft Corporation ("Microsoft"), hereby removes the above-captioned action from the Superior Court of the State of California in and for the County of Sacramento to the United States District Court for the Eastern District of

California, Sacramento Division. In support of its Notice of Removal, Microsoft states as follows:

1. On September 19, 2008, Plaintiff, Reshelle Cable, commenced this action in the Superior Court of the State of California in and for the County of Sacramento by filing a Class Action Complaint ("Complaint") captioned *Reshelle Cable, an individual on behalf of herself and all others similarly situated vs. Microsoft Corporation, a Washington corporation, and Does 1 - 500*, No. 34-2008-00022469-CU-NP-GDS.

2. Plaintiff Cable never served the Complaint, and never served a Summons creating any duty to respond to the Complaint, on Microsoft.

3. On January 30, 2009, Plaintiff Cable, and six newly added plaintiffs, served a Summons and First Amended Complaint ("Amended Complaint") on Microsoft. The Summons served on Microsoft has a handwritten notation of "Amended," although it is the first Summons served on Microsoft in this action. This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b).

4. True and correct copies of the Summons and Amended Complaint, which constitute "all process, pleadings, and orders served upon" Microsoft, 28 U.S.C. § 1446(b), are attached hereto as Exhibit A.

5. A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California in and for the County of Sacramento, and is being served on counsel of record pursuant to 28 U.S.C. §§ 1446(a) & (d).

6. Plaintiffs' claims relate to alleged defects in Microsoft's Xbox 360 video game console ("Xbox 360") and certain business policies and practices that Microsoft implemented with respect to the Xbox 360. Plaintiffs' claims rest principally upon the following three factual allegations.

7. First, Plaintiffs claim that the Xbox 360 "suffered from numerous hardware defects." Am. Compl. ¶ 20. As alleged in the Amended Complaint, "[o]ne such defect [was] quickly labeled as the 'red ring of death' by the gaming community. The 'red ring of death' is a reference to the circle-shaped flashing red lights on the front of the console indicating that the

1 | console has become inoperable or has malfunctioned." *Id.*

8. Second, Plaintiffs allege that "[t]he XBOX 360 plays game discs in a tray-loading Optical Disc Drive ('ODD') similar to those found in home DVD players and in desktop and notebook personal computers. . . . However, the XBOX 360 is defectively designed because when an XBOX 360 is titled [*sic*] or swiveled – even slightly – while a game disc is in the ODD, ODD components can contact the game disc, creating a distinctive circular scratch or 'gouge' on the disc's underside, rendering it permanently unplayable." Am. Compl. ¶ 23.

9. Third, Plaintiffs claim that Microsoft knew about the alleged Xbox 360 defects and concealed information about them from the purchasing public. Am. Compl. ¶¶ 23-24.

10. Plaintiffs also allege that three of them experienced "Error Code 74" on their Xbox 360 consoles, Am. Compl. ¶¶ 28, 30, & 31, and that one of them was damaged because she paid to purchase an extended warranty on her Xbox 360 console from a non-party before Microsoft extended the duration of its warranty coverage on Xbox 360 consoles, Am. Compl. ¶ 27.

11. Plaintiffs assert claims for alleged violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* (Count I), Am. Compl. ¶¶ 40-47, and alleged violation of the Consumers Legal Remedies Act (the "CLRA"), Cal. Civ. Code §§ 1750 *et seq.* (Count II), Am. Compl. ¶¶ 48-56.

12. In Count I, Plaintiffs seek restitution and [dis]gorgement of profits that Microsoft allegedly earned unjustly. Am. Compl. ¶ 47.[1]

13. In Count II, Plaintiffs seek "restitution in the full amount of the purchase price paid for their XBOX 360 consoles, damage[d] game discs, and extended warranties, and/or disgorgement of Microsoft's profits reasonably attributable to its unjust enrichment as a result of the misconduct alleged [in the Complaint], and any other relief which the Court deems proper." Am. Compl. ¶ 55.[2]

---

[1] Microsoft assumes that Plaintiffs meant "disgorgement," not "engorgement," in paragraph 47 of the Amended Complaint.

[2] Microsoft assumes that Plaintiffs meant "damaged game discs," not "damages game discs," in paragraph 55 of the Amended Complaint.

14. In addition, in Count II, Plaintiff Cable seeks compensatory and punitive damages, and the other plaintiffs allege that they plan to amend the Amended Complaint to seek compensatory and punitive damages, for Microsoft's alleged "intentional and fraudulent concealment of material facts."[3] Am. Compl. ¶ 56.

15. Plaintiffs seek to litigate their claims on behalf of themselves and a proposed class and subclasses defined as follows:

> A. All persons residing in California who purchased, own or owned an XBOX 360 console at any time during the period from November 2005 to present. Plaintiffs further bring this action on behalf of two Sub-Classes comprised of all persons residing in California who own or owned a game disc damaged by the XBOX 360 ("Sub-Class 1"); and all persons residing in California who purchased extended warranties from third-party vendors prior to Microsoft extending the warranty period to three years ("Sub-Class 2").
>
> B. Excluded from the Class are (1) Microsoft, its directors, officers and employees thereof, members of the immediate family of any of the foregoing, if natural persons, the legal representatives, heirs, successors-in-interest, and assigns of any excluded person; all persons or entities that distribute or sell the XBOX 360; the judge to whom this case is assigned, and any member of his or her immediate family; all claims for personal injury or wrongful death; and to the extent the class certification order permits exclusion, all people who submit timely and otherwise proper requests for exclusion from the Class.

Am. Compl. ¶ 33.

16. As demonstrated below, this Court has jurisdiction over Plaintiffs' action and it is properly removed to this Court.

**BASIS OF FEDERAL JURISDICTION UNDER CLASS ACTION FAIRNESS ACT**

17. This action is removable to this Court because federal diversity jurisdiction, 28 U.S.C. § 1332, exists over Plaintiffs' claims pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (2005) ("CAFA"), codified in various sections of Title 28 of the United

---

[3] Plaintiff Cable alleges that on September 9, 2008, she sent Microsoft notice, by certified mail, of the alleged CLRA violations, and that after allegedly not receiving a "timely response or . . . appropriate relief," she is now seeking monetary damages under the CLRA. Am. Compl. ¶ 56. The plaintiffs other then Cable allege that they will also send Microsoft notice, by certified mail, of the alleged CLRA violations, and will amend the Amended Complaint to seek compensatory and punitive damages if the statutory period of thirty days elapses in which Microsoft does not "provide appropriate relief." *Id.*

States Code including 28 U.S.C. §§ 1332(d) & 1453.[4]

18.     CAFA became effective on February 18, 2005, and applies to any civil action commenced on or after that date. This action was commenced on September 19, 2008, and CAFA therefore applies to it.

19.     Congress enacted CAFA to enlarge federal jurisdiction over proposed class actions. CAFA provides that a class action against a non-governmental entity may be removed to federal court if: (1) the number of proposed class members is not less than 100; (2) any member of the proposed class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5) & 1453(b). As set forth below, all of the requirements for removal are satisfied here.

### Class Size

20.     CAFA's first requirement, that the proposed class contain at least 100 members, 28 U.S.C. § 1332(d)(5), is satisfied here. Plaintiffs allege that they seek to represent "[a]ll persons residing in California who purchased, own or owned an XBOX 360 console at any time during the period from November 2005 to present," exclusive of certain related parties. Am. Compl. ¶ 33. Plaintiffs further allege that "[t]he Class and Sub-Classes consist of thousands or tens of thousands of individuals throughout California, making individual joinder impracticable." Am. Compl. ¶ 34.

21.     The Xbox 360 console was first made available for purchase by consumers in the United States on November 22, 2005. Declaration of Bella Chang ¶ 5. A true and correct copy of the Declaration of Bella Chang is attached hereto as Exhibit B. Microsoft's records reflect that

---

[4] In paragraphs 5-6 of the Amended Complaint, Plaintiffs include allegations apparently intended to prevent removal to federal court on grounds that the amount in controversy asserted by each class member does not exceed the jurisdictional threshold of $75,000, exclusive of interest and costs, set forth in 28 U.S.C. § 1332(a). Those allegations are ineffective to prevent removal because, as explained herein, the provisions of CAFA enlarging federal jurisdiction over class actions confer federal diversity jurisdiction over this action. In fact, as explained below in paragraph 34, the allegations that each named plaintiff and each member of the proposed class seeks damages of up to $74,999, exclusive of interests and costs, also support removal under CAFA.

through the week ending September 19, 2008, the date when Plaintiff Cable commenced this action, approximately 1,262,775 Xbox 360 consoles were sold to consumers by retailers and other resellers from locations in California. Chang Decl. ¶ 5.

22. In addition, Microsoft's records reflect that through the week ending January 30, 2009, the date when Plaintiffs filed the Amended Complaint in this action, approximately 1,580,126 Xbox 360 consoles were reported as sold to consumers by retailers and other resellers from locations in California. Chang Decl. ¶ 6.

23. Plaintiffs have thus alleged a proposed class with at least 100 members.

### Minimal Diversity of Citizenship

24. CAFA's second requirement, that any one member of the proposed class be a citizen of a state different from any defendant, 28 U.S.C. § 1332(d)(2), is also satisfied here. Plaintiffs each allege that they reside in California. Am. Compl. ¶¶ 8-14. Plaintiffs further allege that Microsoft is a Washington corporation with its corporate headquarters in Washington, Am. Compl. ¶ 15, and therefore Microsoft is a citizen of Washington. Diversity of citizenship thus exists between at least one proposed class member and Defendant, satisfying 28 U.S.C. § 1332(d)(2).

25. The complete diversity of citizenship between the named plaintiffs and Microsoft not only satisfies CAFA's minimal diversity-of-citizenship requirement, but also precludes application of the "local controversy" or "home state" exceptions of 28 U.S.C. §§ 1332(d)(3) and (d)(4).

### Amount in Controversy

26. CAFA's third requirement, that the aggregate amount in controversy exceed $5 million, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2), is satisfied as well.

27. Although Microsoft disputes liability and damages, it is evident that Plaintiffs purport to allege claims for themselves and the proposed class for monetary relief that if granted would, in the aggregate, exceed CAFA's $5 million requirement.

28. Indeed, the $5 million threshold is satisfied even if the Court looks only to Plaintiffs' claim in Count II for restitution of the purchase price of their Xbox 360 consoles under

the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1784. Am. Compl. ¶¶ 48-56.

29. As stated in Count II, "Plaintiffs, the Class, and Sub-Classes seek restitution *in the full amount of the purchase price paid for their XBOX 360 consoles*, damage[d] game discs, and extended warranties, and/or disgorgement of Microsoft's profits reasonably attributable to its unjust enrichment as a result of the misconduct alleged [in the Complaint], and any other relief which the Court deems proper." Am. Compl. ¶ 55 (emphasis added).

30. Plaintiffs allege that "[t]he typical retail price of the XBOX 360 in the United States ranges from $399 - $500, depending on the speed and memory of the console and/or whether the system was bundled with other items such as gaming software." Am. Compl. ¶ 19. Plaintiff Cable alleges that her Xbox 360 cost $489.99. Am. Compl. ¶ 25.

31. Because Plaintiffs allege that each Xbox 360 typically retailed for at least $399, Am. Compl. ¶ 19, the $5 million threshold for diversity jurisdiction under CAFA would be satisfied in there were as few as 12,532 Xbox 360 consoles sold to persons in California as of September 19, 2008, the date when this action was commenced.

32. At least 12,532 Xbox 360 consoles were sold to consumers in California as of the date this action was commenced. As noted above in paragraph 21, Microsoft's records reflect that through the week ending September 19, 2008, the date when Plaintiff Cable commenced this action, approximately 1,262,775 Xbox 360 consoles were reported as sold to consumers by retailers and other resellers from locations in California. Chang Decl. ¶ 5. As further noted above in paragraph 22, Microsoft's records reflect that through the week ending January 30, 2009, the date when Plaintiffs filed the Amended Complaint in this action, approximately 1,580,126 Xbox 360 consoles were reported as sold to consumers by retailers and other resellers from locations in California. Chang Decl. ¶ 6.

33. If Plaintiffs' claims for disgorgement or damages were included in the calculation of the amount in controversy, or Plaintiffs' claims relating to game discs and extended warranties were included in the calculation of the amount in controversy, Microsoft would have to demonstrate even fewer than 12,532 Xbox 360 sales in California to reach the $5 million threshold.

34. In addition, in paragraphs 5-6 of the Amended Complaint, Plaintiffs allege that each of their individual claims, and each of the individual claims of every class member, may reach $74,999 in value. At an amount in controversy of $74,999 per class member, Microsoft would need only to show that 67 persons bought Xbox 360 consoles in California, far fewer than the approximately 1,262,775 sales set forth in paragraph 5 of the Chang Declaration, and far fewer than the "thousands or tens of thousands of individuals throughout California" that Plaintiffs allege make up the alleged Class, Am. Compl. ¶ 34.

35. Plaintiffs have therefore alleged an amount in controversy that exceeds $5 million, exclusive of interest and costs.

36. For all of the foregoing reasons, this action is properly removed to this Court pursuant to CAFA.

February 27, 2009

Respectfully submitted,
MICROSOFT CORPORATION

By: /s/ Rosemarie T. Ring
ROSEMARIE T. RING